IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–03079–MSK–KMT

ATLANTIC FREIGHT SYSTEMS INTERNATIONAL, LTD., a Colorado limited liability corporation, and
TYRONE W. ALLEN, individually, (a/k/a Ty W. Allen),

Plaintiffs,

v.

SPARTEN STEEL PRODUCTS, a Colorado corporation d/b/a RUSSELL METAL PRODUCTS, and
A&W WATER CORPORATION, a Colorado corporation,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court *sua sponte* on the status of legal representation of Plaintiff Atlantic Freight Systems International, Ltd., its ability to participate in case activities, and its failure to respond to this court's Order to Show Cause and to prosecute its case.

Plaintiff Tyrone W. Allen filed this matter *pro se* on November 14, 2014 on behalf of himself and Atlantic Freight Systems International, Ltd. While Mr. Allen may appear *pro se* on his own behalf in this case, a business entity must be represented by counsel. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."); *see also Rowland v. California Men's Colony*, 506 U.S.

194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Moreover, the Local Rules of Practice for this Court provide that a legal entity "may not appear without . . . counsel." D.C.COLO.LAttyR 5(b).

On January 5, 2015, this court ordered Mr. Allen to retain counsel for Atlantic Freight Systems International, Ltd., in this matter, and ordered said counsel to file a formal notice of appearance in this case by January 26, 2015. (Doc. No. 7.) The court warned Mr. Allen that if he failed to retain counsel for Atlantic Freight Systems International, Ltd., this court would strike the Complaint. *See* D.C.COLO.LAttyR 5(b) ("[A]bsent prompt appearance by . . . counsel, pleadings and papers may be stricken . . . .").

Mr. Allen did not obtain counsel for Atlantic Freight Systems International, Ltd. Rather, Mr. Allen filed a "Combined Motion Objecting to Magistrates [sic] Pro Se Minute Order Motion to Amend Plaintiff's Complaint and Request for Hearing" ("Objection"). (Doc. No. 13, filed January 26, 2015.) In his Objection, Plaintiff asserts he, as the president and single shareholder of Atlantic Freight Systems International, LLC, has the authority to appear on behalf of the closely held entity. (*See* Doc. No. 13, ¶¶ 1-4, 6-7.) In support of this contention, Mr. Allen cites Colorado Revised Statute § 13–1–127(2.3).[1] (*Id.*, ¶ 3.)

Colorado law also prevents a limited liability from proceeding without counsel. *See Keller Corp. v. Kelley*, 187 P.3d 1133, 1136 (Colo. App. 2008) ("Thus, unlike a natural person, [a limited liability company] generally cannot appear or act in a judicial proceeding in person, but must be represented by a licensed attorney.") However, a Colorado statute provides a limited

---

[1] Though Mr. Allen cites Colo. Rev. Stat. § 13–1–127(2.3), the subsection that allows this exception is § 13–1–127(2).

exception and allows closely held entities, which would otherwise face a default judgment or be unable to initiate litigation on their own behalf, to proceed without the appearance of an attorney in limited circumstances. Colo. Rev. Stat. § 13–1–127(2).

Nevertheless, this Court's local rule 5(b) prohibits a legal entity, such as a limited liability company, from proceeding without counsel. D.C.COLO.LAtty 5(b). According to the United States Court of Appeals for the Tenth Circuit, "local rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.' " *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir.1964). In addition, the Supreme Court has held corporations must be represented by counsel. *See, e.g.*, *Rowland*, 506 U.S. at 201-03; *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. (14. Pet.) 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . .."); *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."). The Tenth Circuit has expanded the rule to "business entit[ies]." *Harrison*, 253 F.3d at 556; *Roscoe v. United States*, 134 F. App'x. 226. 228 (10th Cir. 2005) ("[A]ppellants contend that the LLC can proceed *pro se* in this appeal. But it cannot . . . . '[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.' " (quoting *Rowland*, 506 U.S. at 201-02)). Thus, this Court is bound not to allow any "business entity" to proceed without an attorney.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

On March 4, 2015, this court again ordered Plaintiff Atlantic Freight Systems International, Ltd., to show cause in writing, no later than March 18, 2015, by and through legal counsel, whose appearance for Plaintiff has been entered properly in this case, why its claims should not be dismissed with prejudice as permitted by D.C.COLO.LCivR 41.1 and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). The court warned Plaintiff Atlantic Freight Systems International, Ltd. that failure to respond to this Order to Show Cause would result in a

recommendation that its claims in this case be dismissed in their entirety, pursuant to D.C.COLO.LCivR 41.1 and *Ehrenhaus v. Reynolds*. Plaintiff Atlantic Freight Systems International, Ltd., failed to respond to this court's Order to Show Cause, failed to obtain counsel, and failed to prosecute this case.

With regard to the first *Ehrenhaus* factor, Plaintiff's failure to obtain counsel and failure to comply with court orders has adversely impacted Defendants. Defendants have expended time and resources filing motions and other documents to advance this litigation. Plaintiff's apparent abandonment of this action has also impeded Defendants from fully and promptly resolving the claims asserted against them in this lawsuit. On the whole, the court finds that Defendants have been significantly prejudiced by Plaintiff's failure to prosecute this action with due diligence.

With regard to the second *Ehrenhaus* factor, Plaintiff's failures in this regard have required the court to review several filings documenting its delinquency and issue two Orders to Show Cause. In this way, Plaintiff has increased the workload of the court and interfered with the administration of justice. Plaintiff's noncompliance with the judicial process by failing to comply with the court's orders flouts the court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third *Ehrenhaus* factor, the court expressly ordered Plaintiff to comply with its obligations under the Federal Rules of Civil Procedure and this Court's local rules and to respond to the Orders to Show Cause. Plaintiff's failure to respond to each of the court's orders leads the court to believe Plaintiff is culpable under these circumstances.

With respect to the fourth *Ehrenhaus* factor, Plaintiff has received ample warning from the court regarding the potential for dismissal as a consequence for its dilatory prosecution of this case and its failure to obtain counsel. Thus, the fourth factor is satisfied.

In consideration of the fifth *Ehrenhaus* factor regarding efficacy of lesser sanctions, the court recommends dismissal with prejudice. Plaintiff has failed to prosecute this case with due diligence by its failure to comply with the court orders instructing it to obtain counsel and its failure to respond to this court's Orders to Show Cause. For these reasons, dismissal with prejudice of this action is warranted.

Having considered the totality of relevant circumstances, this court concludes that the *Ehrenhaus* factors outweigh the usual predisposition to resolve cases on the merits and weigh heavily in favor of dismissal with prejudice of Plaintiff Atlantic Freight Systems International, Ltd's claims against the defendants.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff Atlantic Freight Systems International, Ltd's claims be dismissed in their entirety, with prejudice.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge