IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–03079–MSK–KMT

ATLANTIC FREIGHT SYSTEMS INTERNATIONAL, LTD., a Colorado limited liability
corporation, and
TYRONE W. ALLEN, individually, (a/k/a Ty W. Allen),

    Plaintiffs,

v.

SPARTEN STEEL PRODUCTS, a Colorado corporation d/b/a RUSSELL METAL
PRODUCTS, and
A&W WATER CORPORATION, a Colorado corporation,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Spartan Steel Products, Inc.'s 12(b)(6) Motion to

Dismiss Complaint"[1] (Doc. No. 4 [Mot.], filed December 17, 2014).  Plaintiff Tyrone W. Allen

Ltd.[2] did not file a response.  This motion is ripe for recommendation and order.

### STATEMENT OF CASE

The Complaint asserts three claims for relief against Defendant Spartan Steel Products,

Inc. ("Spartan Steel").[3]  Plaintiffs' First and Fourth Claims for Relief assert causes of action for

---

[1]Defendant Spartan Steel actually moves for dismissal under Fed. R. Civ. P. 12(b)(1) and (6).
(*See* Mot.)
[2]This court has issued a Recommendation that Plaintiff Atlantic Freight System International,
Ltd.'s ("Atlantic Freight") claims be dismissed with prejudice.  (Doc. No. 25.)  Therefore, this
court will refer to the claims as if they are asserted only by Plaintiff Allen.
[3]This court has issued a Recommendation that the claims against Defendant A&W Water
Corporation be dismissed without prejudice.  (Doc. No. 27.)  The Second Claim for Relief is
asserted against Defendant A&W Water Corporation only.  (*See* Doc. No. 1 [Compl.] at 5.)

non-payment of a private shipping contract.  (Compl., ¶¶ 18-19, 23-24.)  The Third Claim for

Relief purportedly asserts a civil rights action against Spartan Steel pursuant to 42 U.S.C. §

1983(5).[4]  (*Id.*, ¶¶ 21-22.)

Defendant Spartan Steel moves to dismiss the first and fourth claims for relief for lack of

subject matter jurisdiction.  (*See* Mot. at 2-4.)  Defendant Spartan Steel also moves to dismiss the

third claim for relief for failure to state a claim upon which relief can be granted. (*See id.* At 4-

6.)

## LEGAL STANDARDS

### 1.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

---

[4]Defendant Spartan Steel interprets this claim under Section 1983.  However, Section 1983 does
not contain a subsection (5).  In the Complaint, Plaintiff states his claim arises under  the 1871
Ku Klux Klan Act (*see* Compl., ¶ 21), 17 Stat. 13, which is now codified as  42 U.S.C. §
1985(3).  Thus, the court interprets Plaintiff's allegations as asserting a claim for conspiracy
under 42 U.S.C. § 1985(3).

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.      *Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

**2.       *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis.

First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### 1.   *First Claim for Relief*

The Complaint asserts that Atlantic Freight entered into a contract in the nature of a bill of lading with non-party ACS Logistics to deliver two pipe shipments. (Compl., ¶¶ 8-9.) Plaintiff alleges ACS went out of business shortly after the shipments were delivered on July 18, 2014, and July 25, 2014, and Atlantic Freight did not receive payment from ACS. (*Id.,* ¶¶ 10-11.) Plaintiff alleges Spartan Steel owned the transported cargo. (*Id.,* ¶ 11.) Plaintiff states he

contacted the transportation manager of Spartan Steel, who advised Plaintiff payment had already been made for both shipments by Spartan Steel to non-party QTI Services, which company Plaintiff alleges is the contracted broker for Spartan Steel.  (*Id.*, ¶¶ 8, 12, 15.)  Plaintiff then contacted the manager of QTI Services, who stated payment had been made by QTI Services to ACS Logistics.  (*Id.*, ¶ 16.)

"The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  In the Complaint, Plaintiff alleges he is entitled to relief under 49 U.S.C. § 14705(a) and 49 C.F.R. pt. 1035.  (Compl. at 4.) Section 14705(a) allows "[a] carrier providing transportation or service subject to jurisdiction under 49 C.F.R. pt. 1035 to] begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues."  49 U.S.C. § 14705(a).

Because Plaintiff transports goods in interstate commerce (*see* Compl., ¶¶ 8, 10 [stating Atlantic Freight shipped the pipe from Texas to Colorado]), the shipping contract was authorized by 49 U.S.C. § 14101(b)(1), which allows federally licensed motor carriers to enter into private contracts with shippers.  However, this authorization alone does not provide the Court with jurisdiction over the breach of contract claim.

If a party to a contract authorized by § 14101(b)(1) wants to sue for breach of contract, § 14101(b)(2) provides that "[t]he exclusive remedy for any alleged breach of a contract entered into under this subsection shall be an action in an *appropriate* State court or United States district court, unless the parties otherwise agree."  49 U.S.C. § 14101(b)(2) (emphasis added). However, "[t]he mere fact that Congress authorized motor carriers to privately negotiate rates in § 14101(b)(1) does not imply that Congress intended § 14101(b)(2) to federalize every resulting

breach of contract claim." *Gaines Motor Lines, Inc. v. Klaussner Furniture Indus., Inc.*, 734 F.3d 296, 304 (4th Cir. 2013). When a motor carrier's rates are based on a federal tariff, motor carriers can petition the Surface Transportation Board ("STB") for administrative remedies. *See* 49 U.S.C. § 13702(b)(6). When a motor carrier's rates are based on a private contract, however, the motor carrier can only sue in an "appropriate" court.

As explained in *Gaines*,

> Headnote Citing References Comparing § 14706(d) to § 14101(b)(2) also helps to clarify the limited scope of the latter. Section 14706(a)(1) provides that motor carriers are liable for goods damaged in transit. Section 14706(d) authorizes parties seeking damages against a motor carrier to file suit in "a United States district court or in a State court." 49 U.S.C. § 14706(d)(3). In every case brought under § 14706(a)(1), federal jurisdiction is established because the claimant is enforcing a federal statutory right. Thus, the limiting word "appropriate" does not appear in § 14706(d)(3). Section 14101(b)(1), by contrast, authorizes motor carriers and shippers to enter into private contracts. It does not provide either the motor carrier or the shipper with a federal statutory right to enforce in a routine breach of contract claim. When operating under a private contract authorized by § 14101(b)(2) instead of a federal tariff, therefore, a party must first establish an alternative basis for our jurisdiction before [a federal court] can adjudicate their dispute.

*Gaines*, 734 F.3d at 305-06.

Here, Plaintiff has failed to allege an alternative basis for the Court's jurisdiction. (*See* Compl.) Moreover, the requirement for complete diversity of citizenship between each plaintiff and each defendant, *see* 28 U.S.C. § 1332, is not met because Plaintiff Allen is a resident of Colorado (Compl. at 8), Atlantic Freight is a Colorado limited liability company (*id.*, ¶ 1), and Defendants Spartan Steel and A&W Water Corporation are Colorado corporations (*id.* at 1 and ¶¶ 4-5).

Accordingly, Plaintiff's First Claim for Relief for breach of contract properly is dismissed for lack of subject matter jurisdiction.

2. ***Third Claim for Relief***

As discussed *supra*, it appears Plaintiff asserts a claim for relief under 42 U.S.C. §

1985(3).

In *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971), the Supreme Court described the

essential element of a claim under § 1985(3):

> The language requiring intent to deprive of equal protection, or equal privileges
> and immunities, means that there must be some racial, or perhaps otherwise
> class-based, invidiously discriminatory animus behind the conspirators' action.
> The conspiracy, in other words, must aim at a deprivation of the equal enjoyment
> of rights secured by law to all.

*Id.* at 102 (footnotes omitted).  "The essential elements of a § 1985(3) claim are: (1) a

conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an

act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  *Tilton*

*v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  A claim under § 1985(3) must "allege facts

showing a conspiracy against plaintiff 'because of' [his] membership in a class, and that the

criteria defining the class 'were invidious.' "  *Lessman v. McCormick*, 591 F.2d 605, 608 (10th

Cir. 1979) (citation omitted).

In the Complaint, Plaintiff alleges he contacted the manager of QTI Services and advised

him that "his company was a small black owned trucking company needing payment."  (Compl.,

¶ 16.)  Plaintiff alleges the Manager of QTI told Plaintiff, "Do not contact our customers, that's

the problem with you blacks and Mexicans, your [sic] good drivers but you just don't understand

business and we are not going to pay you, and quit calling my customer for money."  (*Id.*)  As to

Defendant Spartan Steel, Plaintiff merely alleges it "rendered payment to QTI a southern white

owned freight broker based in Texas but refuses to permit payment to . . . Tyrone Allen's

trucking company to enjoy the same payment benefits." (*Id.*, ¶ 22.)  However, Plaintiff's

Complaint is devoid of any allegations of invidiously discriminatory animus on the part of

Defendant Spartan Steel.

As such, Plaintiff's Third Claim for Relief properly is dismissed.

**3.** ***Fourth Claim for Relief***

In his Fourth Claim for Relief, Plaintiff alleges a breach of contract under Colorado law.

(*See* Compl.*, ¶¶* 23-24.)

Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction

over claims related to claims over which it has original jurisdiction.  A district court may decline

to exercise supplemental jurisdiction if it has dismissed all claims over which it has original

jurisdiction.  28 U.S.C. § 1367(c)(3); *see Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir.

2008) (stating that § 1367(c)(3) expressly permits a district court to decline to exercise

supplemental jurisdiction over remaining state law claims after granting summary judgment in

favor of defendant on federal law claims).  This court has recommended that all of Plaintiff's

claims arising under federal law be dismissed.  Moreover, this Court does not have original

jurisdiction over Plaintiff's Colorado tort claim because that claim arises under state law, and

there is no evidence that diversity jurisdiction is present.  The decision to exercise supplemental

jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial

proceedings, judicial economy, convenience, and [whether] fairness would be served by

retaining jurisdiction."  *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995)

(quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

The court finds that the extent of pretrial proceedings does not outweigh the interests that would be served by having Plaintiff's state law claims tried in state court.  No scheduling conference has been held, and no discovery has taken place.  Judicial economy would be served by having the Colorado courts resolve issues of Colorado law, and the parties have an interest in having their Colorado law disputes decided in a court intimately familiar with that law. Further, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." *Gaston*, 297 F. App'x at 746; *see Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims).

Accordingly, this court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's Fourth Claim for Relief for breach of contract.

**WHEREFORE**, for the foregoing reasons, this court

**RECOMMENDS** that "Spartan Steel Products, Inc.'s 12(b)(6) Motion to Dismiss Complaint" (Doc. No. 4) be **GRANTED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

11